1  McGREGOR W. SCOTT
   United States Attorney
2  MATTHEW C. STEGMAN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2793

**FILED**

AUG 2 2 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  UNITED STATES OF AMERICA, ) | CR. NO.  2:07 - CR - - 366 GEB, |
| 12              Plaintiff, ) | VIOLATIONS:  18 U.S.C. § 1341 - Mail Fraud (11 Counts); 15 U.S.C. §§ |
| 13    v. ) | 77q(a) and 77x - Securities Fraud; 18 U.S.C. § 1956(a)(1)(A)(I) - Money |
| 14  DONALD FRED NEUHAUS, ) | Laundering to Promote Specified Unlawful Activity (3 Counts); 18 |
| 15  KIMBERLY SNOWDEN, ) ROBERT EBERLE, ) | U.S.C. § 1956(a)(1)(B)(i) - Money Laundering to Conceal the Proceeds |
| 16  BARBARA EBERLE, ) CLIFFORD PALM, ) | of Specified Unlawful Activity (4 Counts); 18 U.S.C. § 1957 - Engaging |
| 17  ROBERT KOPPEL, ) DAVID GOLDENBERG, and ) | in Monetary Transactions over $10,000 in Property Derived from |
| 18  MARK ERIC WOLOK, ) ) | Specified Unlawful Activities (7 Counts); 18 U.S.C. § 981(a)(1)(C), |
| 19              Defendants. ) | 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1) - Criminal Forfeiture |

21                    I N D I C T M E N T

22  COUNTS ONE THROUGH ELEVEN:  [18 U.S.C. §§ 1341 and 2 - Mail Fraud
                                and Aiding and Abetting]

23      The Grand Jury charges:

24                    DONALD FRED NEUHAUS,
                      KIMBERLY SNOWDEN,
25                    ROBERT EBERLE,
                      BARBARA EBERLE,
26                    CLIFFORD PALM,
                      ROBERT KOPPEL,
27                    DAVID GOLDENBERG, and
                      MARK ERIC WOLOK,

1

1  defendants herein, as follows:

2  I.    INTRODUCTORY ALLEGATIONS

3  At all times material to this Indictment:

4  1.    A "viatical settlement," sometimes referred to as a
5  "viatical," "life settlement," or "senior settlement," was a
6  transaction in which a person sold the death benefit of his or her
7  life insurance policy to a third party in return for a lump sum
8  cash payment, which represented a discounted percentage of the
9  policy's face value.   The insured was usually terminally ill or
10  elderly.   The insurance industry and state regulators, such as the
11  California Department of Corporations, commonly refer to this type
12  of investment as a "viatical."

13  2.    Viaticals arose when the AIDS epidemic began, allowing a
14  terminally ill person the opportunity to benefit from his or her
15  life insurance policy before death by selling the benefits to
16  another person for cash.   The terminally ill person, known as the
17  viator, would sell his or her interest in the insurance policy to a
18  viatical company.   A viatical company then would resell the
19  interest to investors, in whole, or as fractional interests.   The
20  return on the investment depended on the length of time the viator
21  lived, with a greater return the sooner the viator died.   If the
22  viator did not die, there was no return on the investment.   The
23  life expectancy of the viator was to be estimated by a medical
24  doctor, after a review of the viator's medical records.   Many
25  viatical investors lost their invested money.   Because of the
26  problems associated with viaticals, viatical sellers began selling
27  interests in life insurance policies of elderly people, calling
28  these investments "life settlements."

2

1    3.    A sales agent was an individual or company retained by a
2  viatical marketing company to market and sell viaticals/life
3  settlements to investors.  Sales agents were usually independent
4  contractors and received a fee or commission on each policy he or
5  she sold to an investor.

6    4.    Defendant DONALD FRED NEUHAUS was an individual residing
7  in Shasta County, State and Eastern Disrict of California.
8  Defendant DONALD FRED NEUHAUS owned and operated a number of
9  businesses for the purpose of acquiring viaticals/life settlements
10  from viators or others, and marketing these viaticals/life
11  settlements to investors.  These businesses included, but were not
12  limited to, Secure Investment Services ("SIS"); American Financial
13  Services, Inc. ("AFS"); Cash for Life; and Lyndon Group, Inc,
14  (hereinafter "NEUHAUS' businesses").  All were located in Shasta
15  County, State and Eastern District of California.

16    5.    Defendant KIMBERLY SNOWDEN was the daughter of defendant
17  DONALD FRED NEUHAUS, and resided in Shasta County, State and
18  Eastern District of California.  Defendant KIMBERLY SNOWDEN was an
19  officer and employee of defendant DONALD FRED NEUHAUS and one or
20  more of NEUHAUS' businesses.  Defendant KIMBERLY SNOWDEN assisted
21  with bookkeeping, operations, communications with investors, and
22  marketing and selling viaticals/life settlements.  She received
23  commissions for selling viaticals/life settlements to investors.

24    6.    Defendants ROBERT EBERLE and BARBARA EBERLE were husband
25  and wife, residing in Butte County, State and Eastern District of
26  California.  Defendants ROBERT EBERLE and BARBARA EBERLE owned and
27  operated a number of businesses for the purpose of marketing
28  defendant DONALD FRED NEUHAUS' viaticals/life settlements to

3

1  investors.  These businesses included, but were not limited to,
2  Economic Specialties; Lexus Financial Group; Eagle Investments; and
3  Eberle Investments.  Defendants ROBERT EBERLE and BARBARA EBERLE
4  operated these businesses from Butte County and Shasta County, both
5  in the State and Eastern District of California; Las Vegas, Nevada;
6  and Carson City, Nevada.  Through these entities, defendants ROBERT
7  EBERLE and BARBARA EBERLE acted as sales agents, and recruited
8  other sales agents, for the purpose of selling viaticals/life
9  settlements on behalf of defendant DONALD FRED NEUHAUS.  Defendants
10 ROBERT EBERLE and BARBARA EBERLE received commissions for selling
11 viaticals/life settlements to investors.

12      7.   Defendant CLIFFORD PALM was an individual residing in
13 Placer County, State and Eastern District of California.  Defendant
14 CLIFFORD PALM was a sales agent, using the business name "Palm
15 Estate Services," who sold viaticals/life settlements on behalf of
16 defendant DONALD FRED NEUHAUS.  Defendant PALM received commissions
17 for selling viaticals/life settlements to investors.

18      8.   Defendant ROBERT KOPPEL was an individual residing in
19 Placer County, State and Eastern District of California.  Defendant
20 ROBERT KOPPEL was a sales agent for defendants ROBERT EBERLE and
21 BARBARA EBERLE, who sold viaticals/life settlements on behalf of
22 defendant DONALD FRED NEUHAUS.  Defendant KOPPEL used the business
23 name "Pro-Financial Group" to market these viaticals/life
24 settlements, and received commissions for selling viaticals/life
25 settlements to investors.

26      9.   Defendants DAVID GOLDENBERG and MARK ERIC WOLOK were
27 individuals residing in Michigan.  Defendants DAVID GOLDENBERG and
28 MARK ERIC WOLOK operated and were  owners of the business

4

1  "Unlimited Bond Services" and later "Surety Marketing Source."
2  Defendants DAVID GOLDENBERG and MARK ERIC WOLOK falsely claimed to
3  be offering and selling surety bonds on behalf of "International
4  Fidelity and Surety" (IFS), a company defendants DAVID GOLDENBERG
5  and MARK ERIC WOLOK claimed was a bonding company purportedly
6  located in the South Pacific island nation of Vanuatu.  Defendants
7  DAVID GOLDENBERG and MARK ERIC WOLOK claimed to offer and sell
8  these surety bonds to guarantee payout of investors' principal and
9  promised return for viaticals/life settlements sold by other
10 defendants.  Defendants DAVID GOLDENBERG and MARK ERIC WOLOK agreed
11 to issue bonding certificates on viaticals/life settlements sold by
12 other defendants in exchange for a percentage of the bond amount,
13 in order to assist defendants in selling viaticals/life
14 settlements.  Unlimited Bond Services, Surety Marketing Source, nor
15 IFS were licensed to issue insurance or surety bonds in the United
16 States.

17                    II.   SCHEME TO DEFRAUD

18      10.   From at least approximately 2001, and continuing to the
19 present, in the Eastern District of California, and elsewhere,
20 defendants DONALD FRED NEUHAUS, KIMBERLY SNOWDEN, ROBERT EBERLE,
21 BARBARA EBERLE, CLIFFORD PALM, ROBERT KOPPEL, DAVID GOLDENBERG, and
22 MARK ERIC WOLOK, and others known and unknown to the Grand Jury,
23 knowingly devised and intended to devise a scheme and artifice to
24 defraud and to obtain money from investors throughout the United
25 States by means of material false and fraudulent pretenses,
26 representations and promises, to wit: defendants knowingly made
27 material false and fraudulent representations and promises, and
28 omitted and concealed material facts from prospective investors,

5

1  about investing in viaticals/life settlements, and in connection
2  therewith, caused the United States mails to be used.

3       11.  As a result of the aforesaid scheme and artifice to
4  defraud, defendants DONALD FRED NEUHAUS, KIMBERLY SNOWDEN, ROBERT
5  EBERLE, BARBARA EBERLE, CLIFFORD PALM, ROBERT KOPPEL, DAVID
6  GOLDENBERG, and MARK ERIC WOLOK defrauded approximately 500
7  investors in numerous states of an amount in excess of $25 million.

8                    III.  WAYS AND MEANS

9       12.  In furtherance of the scheme and artifice to defraud set
10 forth above, defendants DONALD FRED NEUHAUS, KIMBERLY SNOWDEN,
11 ROBERT EBERLE, BARBARA EBERLE, CLIFFORD PALM, ROBERT KOPPEL, DAVID
12 GOLDENBERG, and MARK ERIC WOLOK employed, among others, the ways
13 and means described below.

14      13.  Defendant DONALD FRED NEUHAUS purchased beneficiary
15 interests in life insurance policies for the purpose of selling
16 viaticals/life settlements to investors.  Defendant DONALD FRED
17 NEUHAUS located suitable life insurance policies, negotiated the
18 purchase of the policies from viators directly or from a policy
19 broker, determined the alleged investment return, fractionalized
20 the policies, and tracked the portions of the policies already sold
21 to investors.  After selling viaticals/life settlements to
22 investors, he was supposed to locate and select a bonding company
23 to bond the viatical/life settlement, negotiate and pay the bond
24 premium from investor proceeds, notify the insurance companies that
25 the investors were the new beneficiaries of the death benefits, pay
26 the premiums on the life insurance policies, monitor the health and
27 possible death of the viator, and submit claims for bond payouts.
28 He sold viaticals/life settlements to investors directly and

                              6

1   through others, including, but not limited to, defendants KIMBERLY
2   SNOWDEN, ROBERT EBERLE, BARBARA EBERLE, CLIFFORD PALM, and ROBERT
3   KOPPEL, who received a fee or commission on each policy they
4   successfully marketed to investors, often approximately 20% of the
5   investment amount.

6   A.   FALSE STATEMENTS AND OMISSIONS

7        14.   In order to induce potential investors to purchase
8   viaticals/life settlements, defendants DONALD FRED NEUHAUS,
9   KIMBERLY SNOWDEN, ROBERT EBERLE, BARBARA EBERLE, CLIFFORD PALM, and
10  ROBERT KOPPEL made and caused to be made a number of false and
11  fraudulent statements, representations, and promises to investors,
12  as more fully set forth below, including, but not limited to:

13            a.   That the investment was safe, secure, and risk-free;
14            b.   That investors were guaranteed a high rate of return;
15            c.   That investors would be listed with insurance
16            companies as beneficiaries;

17            d.   That life expectancy periods would be determined by
18            medical doctors;

19            e.   That a bond would be issued from a United States
20            bonding company that was "A-rated" and was regulated;
21            f.   That investors' money would be held in escrow;
22            g.   That due diligence was performed prior to making
23            statements being made about the legality and safety of
24            the investments, as well as facts being represented to
25            investors; and

26            h.   That those defendants selling these viaticals/life
27            settlements did not need to be registered as broker-
28            dealers in order to sell them.

7

1    15.   In order to induce potential investors to purchase
2 viaticals/life settlements, defendants DONALD FRED NEUHAUS,
3 KIMBERLY SNOWDEN, ROBERT EBERLE, BARBARA EBERLE, CLIFFORD PALM, and
4 ROBERT KOPPEL omitted to state material facts necessary in order to
5 make statements made, in light of the circumstances under which
6 they were made, not misleading.  The omissions concerned, but were
7 not limited to, the following:

8           a.   The risks associated with their viaticals/life
9          settlements;

10         b.   That IFS was not a legitimate bonding company;
11         c.   The State of Florida had issued a cease and desist
12         order prohibiting IFS from issuing bonds;

13         d.   That the bonding companies were not located in the
14         United States, were not regulated by the United States,
15         and were not licensed to sell bonds in the United States;

16         e.   That a previous bonding company had failed to pay
17         investors, and therefore there was a risk of non-payment
18         on the bonds;

19         f.   That defendants had not verified whether the people
20         determining life expectancies were licensed medical
21         doctors;

22         g.   That investor funds would be transferred out of
23         escrow prior to premiums and expenses being paid;

24         h.   That the viaticals/life settlements being sold were
25         securities that were not registered for sale, and the
26         defendants were not registered or licensed as broker-
27         dealers; and

28

8

1                  i.   That the California Department of Corporations had

2                  issued a desist and refrain order prohibiting the

3                  defendants from selling viaticals/life settlements.

4      B.   FALSE BONDS

5          16.   Defendants DONALD FRED NEUHAUS, KIMBERLY SNOWDEN, ROBERT

6 EBERLE, BARBARA EBERLE, CLIFFORD PALM, ROBERT KOPPEL, DAVID

7 GOLDENBERG, and MARK ERIC WOLOK made and caused to be made false

8 statements and representations to investors that the viaticals/life

9 settlements were bonded. Defendants claimed that such bonds made

10 the investment risk-free because if a viator did not pass away

11 during the life expectancy period plus a stated number of days (the

12 elimination period), the bonding company would pay the investor

13 fully to reimburse the investor's principal and the promised return

14 on the investment. In that way, no investors would lose his or her

15 money.

16          17.   IFS was purportedly located in the South Pacific island

17 nation of Vanuatu. In fact, defendants DAVID GOLDENBERG and MARK

18 ERIC WOLOK were located in the United States and caused documents

19 to be filed in Vanuatu to create the appearance that IFS was a

20 legitimate bonding company located in Vanuatu. IFS had no offices

21 or employees located in Vanuatu. All sales for IFS were conducted

22 by defendants DAVID GOLDENBERG and MARK ERIC WOLOK using their

23 businesses Unlimited Bond Services and Surety Marketing Source. In

24 truth and in fact, IFS was a shell corporation, controlled by

25 defendants DAVID GOLDENBERG and MARK ERIC WOLOK. Defendants DAVID

26 GOLDENBERG and MARK ERIC WOLOK caused the IFS certificates of bond

27 to be prepared in their office, and copies of these documents were

28 not sent to IFS in Vanuatu. Bond premiums received by defendants

9

1  DAVID GOLDENBERG and MARK ERIC WOLOK were not sent to IFS in
2  Vanuatu.  Defendants DAVID GOLDENBERG and MARK ERIC WOLOK issued no
3  legitimate bonds on the viaticals/life settlements, and although
4  most viators did not pass away prior to the end of the guaranteed
5  period, none of the bonds were honored.

6      18.  After defendants DAVID GOLDENBERG and MARK ERIC WOLOK
7  failed to pay investors their principal and promised return once
8  the life-expectancy period passed, defendants DONALD FRED NEUHAUS,
9  KIMBERLY SNOWDEN, ROBERT EBERLE, BARBARA EBERLE, CLIFFORD PALM, and
10 ROBERT KOPPEL began using other purported bonding companies, and
11 continued to represent to investors that the bonded aspect of the
12 viaticals/life settlements made them safe, secure, and risk free.

13     19.  Defendants omitted to state to investors that the
14 previous bonding company failed to pay investors and omitted to
15 state that there was a risk of non-payment with the bonding
16 company, which were material facts necessary in order to make
17 statements made about the bonding companies, in light of the
18 circumstances under which they were made, not misleading.

19     20.  When investors learned that IFS was failing to pay
20 investors on the bonds, defendants promised some investors that the
21 investors would have their full contractual benefits paid by
22 NEUHAUS's business.  In fact, NEUHAUS' business failed to pay
23 investors on the IFS bonds.

24     C.  FALSE RESCISSION LETTER

25     21.  Defendant DONALD FRED NEUHAUS sent one concerned investor
26 a false and fraudulent document by fax.  When the investor became
27 concerned about the fact that his money had been transferred out of
28 escrow prior to a policy having been issued in the investor's name,

10

1 he requested his money back. Defendant DONALD FRED NEUHAUS sent
2 the false and fraudulent document to the investor, which defendant
3 NEUHAUS falsely represented was a rescission letter he had sent to
4 the insurance company, when in truth and in fact, the letter had
5 never been sent to the insurance company.

6         D.   PONZI SCHEME

7       22.   Defendants perpetuated the scheme by continuing to raise
8 new investor money to pay premiums on life insurance policies
9 previously sold to other investors.

10                              IV.   MAILINGS

11       23.   On or about the dates set forth below, in the State and
12 Eastern District of California, for the purposes of executing the
13 scheme and artifice to defraud, and attempting to do so, defendants
14 DONALD FRED NEUHAUS, KIMBERLY SNOWDEN, ROBERT EBERLE, BARBARA
15 EBERLE, CLIFFORD PALM, ROBERT KOPPEL, DAVID GOLDENBERG, and MARK
16 ERIC WOLOK, knowingly placed and caused to be placed in any post
17 office or authorized depository for mail matter, any matter or
18 thing to be sent or delivered by the United States Postal Service,
19 and knowingly caused to be delivered by mail according to the
20 directions thereon, as charged below:

| Count | Date | Mailing |
|-------|------|---------|
| 1 | 6/3/2003 | Letter from David Goldenberg to Donald Neuhaus regarding bonds and payout dates |
| 2 | 8/4/2003 | Letter from Robert Eberle to investor C.S. confirming funds placed in escrow |
| 3 | 9/19/2003 | Letter from Barbara Eberle to investor C.R. confirming recordation of name on policy |
| 4 | 9/19/2003 | Letter from Barbara Eberle to investor E.M. confirming processing of policy |
| 5 | 9/19/2003 | Letter from Barbara Eberle to investor E.C. confirming processing of policy |

11

| 6 | 8/18/2003 | Letter to investor C.H. requesting a signature |
| 7 | 9/10/2004 | Letter from Donald Neuhaus to investor E.M. re date of bond |
| 8 | 1/25/2005 | Letter from Barbara Eberle to investor E.M. re payout on bond on policies |
| 9 | 1/26/2005 | Letter from Kimberly Snowden to investor C.H. confirming investment |
| 10 | 4/13/2005 | Letter from Donald Neuhaus to investor S.P. confirming investment |
| 11 | 3/1/2006 | Letter from Kimberly Snowden to investor R.W. |

All in violation of Title 18, United States Code, Sections 1341 and 2.

COUNT TWELVE:  [15 U.S.C. §§ 77q(a), 77x - Securities  Fraud]

The Grand Jury further charges:

DONALD FRED NEUHAUS,
KIMBERLY SNOWDEN,
ROBERT EBERLE,
BARBARA EBERLE,
CLIFFORD PALM,
ROBERT KOPPEL,
DAVID GOLDENBERG, and
MARK ERIC WOLOK,

defendants herein, as follows:

At all times material to this Indictment:

1.   The Grand Jury realleges and incorporates herein by reference paragraphs 1 through 9 above.

2.   Beginning in or about 2001, and continuing to August 22, 2007, in the State and Eastern District of California and elsewhere, defendants DONALD FRED NEUHAUS, KIMBERLY SNOWDEN, ROBERT EBERLE, BARBARA EBERLE, CLIFFORD PALM, ROBERT KOPPEL, DAVID GOLDENBERG, and MARK ERIC WOLOK, in the offer and sale of securities by use of means and instruments of transportation and communication in interstate commerce and by use of the mails,

12

1 | directly and indirectly:

2 |         a)    employed a device, scheme and artifice to defraud;

3 |         b)    obtained money by means of untrue statements of
4 | material facts and omitted statements of material facts necessary
5 | in order to make the statements made, in light of the circumstances
6 | under which the statements were made, not misleading; and

7 |         c)    engaged in a transaction, practice and course of
8 | business that operated as a fraud and deceit upon the purchasers.

9 |     3.    The Grand Jury realleges and incorporates herein by
10 | reference paragraphs 12 through 22 above.

11 |     4.    As a result of the aforesaid scheme and artifice to
12 | defraud, defendants DONALD FRED NEUHAUS, KIMBERLY SNOWDEN, ROBERT
13 | EBERLE, BARBARA EBERLE, CLIFFORD PALM, ROBERT KOPPEL, DAVID
14 | GOLDENBERG, and MARK ERIC WOLOK defrauded 500 investors in at least
15 | 20 states of an amount in excess of $25 million.

16 |     All in violation of Title 15, United States Code, Sections
17 | 77q(a), 77x, and Title 18, United States Code, Section 2.

18 | COUNTS THIRTEEN THROUGH FIFTEEN:    [18 U.S.C. § 1956(a)(1)(A)(i) -
                                        Money Laundering to Promote
19 |                                     Specified Unlawful Activity]

20 |     The Grand Jury further charges:

21 |                         DONALD FRED NEUHAUS,

22 | defendant herein, as follows:

23 |     1.    On or about the approximate dates set forth below, in the
24 | State and Eastern District of California, DONALD FRED NEUHAUS did
25 | knowingly and willfully conduct financial transactions affecting
26 | interstate commerce as set forth below, each of which involved the
27 | proceeds of a specified unlawful activity, to wit: Mail Fraud, in
28 | violation of Title 18, United States Code, Section 1341, as alleged

13

1  in Counts 1 through 11; and Securities Fraud, in violation of Title
2  15, United States Code, Sections 77q(a) and 77x, as alleged in
3  Count 12; with the intent to promote the carrying on of such
4  specified unlawful activity, and while conducting said financial
5  transactions knew that the property involved in the financial
6  transaction represented the proceeds of some form of unlawful
7  activity:

| Count | Date | Transaction |
|-------|------|-------------|
| 13 | 1/9/2003 | $97,999.97 wire from California to defendant DAVID GOLDENBERG at Unlimited Bond Services in Michigan |
| 14 | 3/18/2003 | $411,189 wire from California to defendant DAVID GOLDENBERG at Surety Marketing Source in Michigan |
| 15 | 4/4/2003 | $270,845.54 wire from California to defendant DAVID GOLDENBERG at Surety Marketing Source in Michigan |

15      All in violation of Title 18, United States Code, Section
16  1956(a)(1)(A)(i) and 2.

17  COUNTS SIXTEEN THROUGH NINETEEN:    [18 U.S.C. §§ 1956(a)(1)(B)(i)
                                        and 2 - Money Laundering to
18                                      Conceal the Proceeds of
                                        Specified Unlawful Activity]
19
        The Grand Jury further charges:   T H A T
20
                        DONALD FRED NEUHAUS, and
21                        KIMBERLY SNOWDEN,

22  defendants herein, on or about the approximate dates set forth
23  below, in the State and Eastern District of California, did
24  knowingly and willfully conduct financial transactions affecting
25  interstate commerce as set forth below, each of which involved the
26  proceeds of a specified unlawful activity, to wit: Mail Fraud, in
27  violation of Title 18, United States Code, Section 1341, as alleged
28  in Counts 1 through 11; and Securities Fraud, in violation of Title

14

1  15, United States Code, Sections 77q(a) and 77x, as alleged in
2  Count 12; knowing that the transactions were designed in whole or
3  in part to conceal and disguise the nature, location, source,
4  ownership, and control of the proceeds of said specified unlawful
5  activity, and while conducting said financial transactions, knew
6  that the property involved in the financial transactions
7  represented the proceeds of some form of unlawful activity:

| Count | Date | Transaction |
|-------|------|-------------|
| 16 | 4/15/2005 | Check for $250,000 issued from escrow at Fidelity Title payable to Kimberly Snowden |
| 17 | 4/15/2005 | Deposit of $250,000 check into Kimberly Snowden's personal checking account at Wells Fargo Bank |
| 18 | 4/15/2005 | Check for $225,000 issued from Kimberly Snowden's personal checking account at Wells Fargo Bank payable to AFS |
| 19 | 4/15/2005 | Deposit of $225,000 check into Donald Neuhaus'bank account at Tri Counties Bank |

16      All in violation of Title 18, United States Code, Sections
17  1956(a)(1)(B)(i) and 2.

18  COUNTS TWENTY THROUGH TWENTY-THREE:    [18 U.S.C. §§ 1957 and 2 -
                                           Engaging in Monetary
19                                         Transactions over $10,000 in
                                           Property Derived from
20                                         Specified Unlawful
                                           Activities]
21

22      The Grand Jury further charges:   T H A T

23                      DONALD FRED NEUHAUS,

24  defendant herein, on or about the approximate dates set forth
25  below, in the State and Eastern District of California, did
26  knowingly engage in monetary transactions as set forth below, each
27  of which was by, through, or to a financial institution affecting
28  interstate or foreign commerce, in criminally derived property of a

15

1   value greater than $10,000, such property having been derived from
2   a specified unlawful activity, that is, Mail Fraud, in violation of
3   Title 18, United States Code, Section 1341, as alleged in Counts 1
4   through 11; and Securities Fraud, in violation of Title 15, United
5   States Code, Sections 77q(a) and 77x, as alleged in Count 12:

| Count | Date | Transaction |
|-------|------|-------------|
| 20 | 1/9/2003 | $97,999.97 wire from California to defendant DAVID GOLDENBERG at Unlimited Bond Services in Michigan |
| 21 | 3/18/2003 | $411,189 from California to defendant DAVID GOLDENBERG at Surety Marketing Source in Michigan |
| 22 | 4/4/2003 | $270,845.54 wired from California to defendant DAVID GOLDENBERG at Surety Marketing Source in Michigan |

13       All in violation of Title 18, United States Codes, Sections
14  1957 and 2.

15  COUNTS TWENTY-THREE AND TWENTY-FOUR:  [18 U.S.C. §§ 1957 and 2 -
                                          Engaging in Monetary
16                                        Transactions over $10,000 in
                                          Property Derived from
17                                        Specified Unlawful
                                          Activities]
18

19       The Grand Jury further charges:  T H A T

20                    DONALD FRED NEUHAUS, and
                         KIMBERLY SNOWDEN,
21

22  defendants herein, on or about the approximate dates set forth
23  below, in the State and Eastern District of California, did
24  knowingly engage in monetary transactions as set forth below, each
25  of which was by, through, or to a financial institution affecting
26  interstate or foreign commerce, in criminally derived property of a
27  value greater than $10,000, such property having been derived from
28  a specified unlawful activity, that is, Mail Fraud, in violation of

1 Title 18, United States Code, Section 1341, as alleged in Counts 1

2 through 11; and Securities Fraud, in violation of Title 15, United

3 States Code, Sections 77q(a) and 77x, as alleged in Count 12:

| Count | Date | Transaction |
|-------|------|-------------|
| 23 | 4/15/2005 | Deposit of $250,000 check into KIMBERLY SNOWDEN's personal checking account at Wells Fargo Bank |
| 24 | 4/15/2005 | Deposit of $225,000 check into DONALD FRED NEUHAUS'bank account at Tri Counties Bank |

All in violation of Title 18, United States Codes, Sections
1957 and 2.

COUNTS TWENTY-FIVE AND TWENTY-SIX: [18 U.S.C. §§ 1957 and 2 -
                                    Engaging in Monetary
                                    Transactions over $10,000 in
                                    Property Derived from
                                    Specified Unlawful Activities]

The Grand Jury further charges:   T H A T

ROBERT EBERLE, and
BARBARA EBERLE,

defendants herein, on or about the approximate dates set forth

below, in the State and Eastern District of California, did

knowingly engage in monetary transactions as set forth below, each

of which was by, through, or to a financial institution affecting

interstate or foreign commerce, in criminally derived property of a

value greater than $10,000, such property having been derived from

a specified unlawful activity, that is, Mail Fraud, in violation of

Title 18, United States Code, Section 1341, as alleged in Counts 1

through 11; and Securities Fraud, in violation of Title 15, United

States Code, Sections 77q(a) and 77x, as alleged in Count 12:

///

17

| Count | Date | Transaction |
|---|---|---|
| 25 | 2/14/2003 | Check for $12,800 issued from Lexus Financial Group account at Washington Mutual Bank to sales agent |
| 26 | 3/4/2003 | Check for $13,475.30 issued from Lexus Financial Group account at Washington Mutual Bank to BOB KOPPEL |

All in violation of Title 18, United States Codes, Sections 1957 and 2.

FORFEITURE ALLEGATION: [18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1) - Criminal Forfeiture]

The Grand Jury further charges:

DONALD FRED NEUHAUS,

defendant herein, as follows:

Upon conviction of one or more of the offenses alleged in Counts 1 through 11 of this Indictment, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

Upon conviction of one or more of the offenses alleged in Counts 13 through 26 of this Indictment, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

Said forfeiture shall include, but not be limited to, a sum of money equal to the amount of proceeds involved in or derived from the offenses charge in Counts 1 through 11 and Counts 13 through 26.

If any property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence;

18

1  has been transferred or sold to, or deposited with, a third person;
2  has been placed beyond the jurisdiction of the Court; has been
3  substantially diminished in value; or has been commingled with
4  other property which cannot be subdivided without difficulty, it is
5  the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1),
6  incorporating 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) to seek
7  forfeiture of any other property of said defendant up to the value
8  of the property subject to forfeiture, including but not limited to
9  the following:

10        a)    Approximately $9,983.00 in U.S. Currency;

11        b)    44 South African Gold Krugerrands; and

12        c)    2 Canadian Elizabeth II silver coins.

13

14                                          A TRUE BILL.
                                          /s/ Signature on file w/AUSA
15

16                                          _____
                                                 FOREPERSON
17
   McGREGOR W. SCOTT
18 United States Attorney

19

20

21

22

23

24

25

26

27

28

19

*No.* _ _ _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA

*vs.*

DONALD FRED NEUHAUS; KIMBERLY SNOWDEN; ROBERT EBERLE; BARBARA EBERLE; CLIFFORD PALM; ROBERT KOPPEL; DAVID GOLDENBERG; and MARK ERIC WOLOK

## I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. §§ 1341 and 2 - Mail Fraud and Aiding and Abetting (11 Counts); 15 U.S.C. §§ 77q(a) and 77x - Securities Fraud; 18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering to Promote Specified Unlawful Activity(3 Counts); 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 - Money Laundering to Conceal the Proceeds of Specified Unlawful Activity(4 Counts); 18 U.S.C. §§ 1957 and 2 - Engaging in Monetary Transactions Over $10,000 in Property Derived from Specified Unlawful Activities (7 Counts); 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461, and 18 U.S.C. § 982(a)(1) - Criminal Forfeiture

*A true bill,*

|S|

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Foreman.*

*Filed in open court this* _ _ _ *22nd* _ _ _ _ _ _ _ _ *day*

*of* _ _ _ *August* _ _ _ _ _ . *A.D. 20* _*07*_ _

C. Schultz

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Clerk.*

*Bail, $* _ *Bench Warrants All Defendants.*

_ _ _ _ _ _ _ _ _ _ _ **NO BAIL PENDING HEARING**

Dele A. D

PENALTY SLIP
(INDICTMENT)

COUNTS ONE - ELEVEN:
**DEFENDANTS: Donald Fred Neuhaus, Kimberly Snowden; Robert Eberle; Barbara Eberle; Clifford Palm; Robert Koppel; David Goldenberg; Mark Eric Wolok**
VIOLATION:        18 U.S.C. §§ 1341 and 2 - Mail Fraud and Aiding and Abetting
PENALTY:          Not More Than 20 years imprisonment;
                  Not More Than $250,000 fine, or both;
                  3-years supervised release.

COUNT TWELVE:
**DEFENDANTS: Donald Fred Neuhaus, Kimberly Snowden; Robert Eberle; Barbara Eberle; Clifford Palm; Robert Koppel; David Goldenberg; Mark Eric Wolok**
VIOLATION:        15 U.S.C. §§ 77q(a) and 77x - Securities Fraud
PENALTY:          Not More Than 5 years imprisonment;
                  Not More Than $250,000 fine, or both;
                  3-years supervised release.

COUNTS THIRTEEN - FIFTEEN:
**DEFENDANTS:     Donald Fred Neuhaus**
VIOLATION:        18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering to Promote Specified Unlawful Activity
PENALTY:          Not More Than 20 years imprisonment;
                  Not More Than $500,000 fine, or twice the value of the property
                  involved in the transaction, whichever is greater, or both fine
                  and imprisonment;
                  5-years supervised release

COUNTS SIXTEEN - NINETEEN:
**DEFENDANTS:     Donald Fred Neuhaus and Kimberly Snowden**
VIOLATION:        18 U.S.C. § 1956(a)(1)(B)(I) - Money Laundering to Conceal the Proceeds of Specified
                  Unlawful Activity
PENALTY:          Not More Than 20 years imprisonment;
                  Not More Than $500,000 fine, or both;
                  5-years supervised release

COUNTS TWENTY - TWENTY-TWO:
**DEFENDANT:      Donald Fred Neuhaus**
VIOLATION:        18 U.S.C. §§ 1957 and 2 - Engaging in Monetary Transactions over $10,000 in Property
                  Derived from Specified Unlawful Activities
PENALTY:          Not More Than 10 years imprisonment;
                  Not More Than $250,000 fine, or twice the value of the property
                  involved in the transaction, whichever is greater, or both fine
                  and imprisonment;
                  3-years supervised release

COUNTS TWENTY-THREE - TWENTY FOUR:
**DEFENDANTS:     Donald Fred Neuhaus; Kimberly Snowden**
VIOLATION:        18 U.S.C. §§ 1957 and 2 - Engaging in Monetary Transactions over $10,000 in Property
                  Derived from Specified Unlawful Activities
PENALTY:          Not More Than 10 years imprisonment;
                  Not More Than $250,000 fine, or twice the value of the property
                  involved in the transaction, whichever is greater, or both fine
                  and imprisonment;
                  3-years supervised release

COUNTS TWENTY-FIVE - - TWENTY-SIX:
**DEFENDANTS:     Robert Eberle and Barbara Eberle**
VIOLATION:        18 U.S.C. §§ 1957 and 2 - Engaging in Monetary Transactions over $10,000 in Property
                  Derived from Specified Unlawful Activities
PENALTY:          Not More Than 10 years imprisonment;
                  Not More Than $250,000 fine, or twice the value of the property
                  involved in the transaction, whichever is greater, or both fine
                  and imprisonment;
                  3-years supervised release

**DEFENDANT:      Donald Fred Neuhaus**
FORFEITURE ALLEGATION:     18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1) -
                           Criminal Forfeiture
ASSESSMENT:   Mandatory $100 special assessment **each count**.

**(PENALTY SLIP)**