IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---oOo---

BEFORE THE HONORABLE GARLAND E. BURRELL, JR., JUDGE

---oOo---

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                    No. CR. S-07-366

MARK WOLOK,

        Defendant.

_____/

---oOo---

REPORTER'S TRANSCRIPT

JUDGMENT AND SENTENCE

FRIDAY, OCTOBER 25, 2013

---oOo---

Reported by:       KELLY O'HALLORAN, CSR #6660

                           APPEARANCES




 For the Plaintiff:


      UNITED STATES ATTORNEY'S OFFICE
      501 I Street, Suite 10-100
      Sacramento, CA  95814
      BY:  LEE S. BICKLEY
           Assistant U.S. Attorney

 For the Defendant:

      LAW OFFICES OF CHRISTOPHER HAYDN-MYER
      1809 19th Street
      Sacramento, CA  95814
      BY:  CHRISTOPHER HAYDN-MYER

1          SACRAMENTO, CALIFORNIA

2        FRIDAY, OCTOBER 25, 2013, 9:00 A.M.

3               ---oOo---

4          THE CLERK:  Calling 07-366; United States versus Mark

5    Wolok.

6          MS. BICKLEY:  Good morning again, your Honor.  Lee

7    Bickley for the United States.

8          THE COURT:  Thank you.

9          MR. HAYDN-MYER:  Good morning, your Honor.  Chris

10   Haydn-Myer for Mark Wolok who is present and out of custody.

11         THE COURT:  Thank you.  This matter is scheduled for

12   sentencing.  I read and considered the presentence report,

13   the government's sentencing memorandum filed in this case as

14   document number 287, and the defendant's "No Formal

15   Objections to the Presentence Memorandum" filed in this case

16   as document number 289.

17         Has counsel for the defendant read the presentence

18   report and discussed it in detail with your client?

19         MR. HAYDN-MYER:  Yes, your Honor.

20         THE COURT:  Mr. Wolok, have you read the presentence

21   report and discussed it in detail with your attorney?

22         DEFENDANT WOLOK:  Yes, I have, your Honor.

23         THE COURT:  Counsel, are there any objections to the

24   content of the presentence report?

25         MS. BICKLEY:  No, your Honor.

1          MR. HAYDN-MYER:  No, your Honor.

2          THE COURT:  Since there are no objections, I adopt the

3    findings in the report and determine them to be true and

4    correct.  Therefore, the offense level is 29, criminal

5    history category Roman numeral I, the advisory guideline

6    range is 87 to 108 months in prison.  However, the statutory

7    maximum is 60 months in prison which becomes the guideline

8    term.  Probation recommends a 60-month-imprisonment sentence.

9          Does counsel for the defendant desire to say anything

10   before I pronounce sentence?

11         MR. HAYDN-MYER:  Yes, your Honor.

12         Mr. Wolok asked me to further express some of the

13   views that I wrote in the sentencing memorandum where we're

14   requesting 36 months in prison.

15         When I first met Mr. Wolok, he had been represented by

16   Mr. Peters.  And he wanted me to know immediately that while

17   everything in the plea agreement is accurate, your Honor,

18   there is approximately 412 victims because of the breaking

19   apart of the insurance policies.  Mr. Wolok, while it is laid

20   out, wants me to again inform the Court that he did not know

21   that the insurance policies themselves were being broken

22   apart by Mr. Neuhaus.  His business partner, Mr. Goldenberg,

23   committed suicide shortly after he was indicted.

24   Mr. Goldenberg was the one that had the interactions with

25   Mr. Neuhaus.  Mr. Wolok informed me several times that he met

1    with Mr. Peters to try and assist the government with any

2    actions that needed to be taken against Mr. Goldenberg.  But

3    when Mr. Goldenberg, of course, passed, that was no longer

4    what he was going to do.

5         The reason he felt so much remorse for this was

6    because any time the policies were being broken apart and

7    sold, they're, of course, being sold to individuals and not

8    investment corporations.  And he, almost every time we've

9    met, has told me that he would never ever have gotten

10   involved in it or anything along those lines if he would have

11   known that Mr. Neuhaus was breaking apart the policies and

12   selling them to individual investors.

13        I believe the letters speak well to his character for

14   the last six and a half years since the case has been

15   pending.  And Mr. Wolok, because of his age, 48 years old,

16   any prison sentence is, of course, going to be significant

17   because he's never done any prison time before.  And we are

18   asking for 36 months in prison.

19        Thank you, your Honor.

20        THE COURT:  Mr. Wolok, under the law, I'm required to

21   address you to provide you with the opportunity to speak to

22   me should that be your desire.  You're not obligated to take

23   advantage of this opportunity, but I have to give it to you.

24        Do you want to say anything before I sentence you?

25        DEFENDANT WOLOK:  Yes, I would, your Honor.

1          THE COURT:  You may.

2          THE DEFENDANT:  For the last six and a half years,

3     I've thought about what happened.  When I did, I immediately

4     wanted to cooperate fully to assist the government with

5     Mr. Peters.  When the time came, I told Mr. Haydn-Meyer I

6     wanted to plead guilty.  I feel very remorseful to all the

7     people that I hurt that participated in the program.  I've

8     not only hurt other people, but my three loving children that

9     I have; 8, 16, and 18 years of age.  Over this time, I've

10    became a much better father to all my children.  I've also

11    became a much better person.  Once again, I am truly sorry

12    for what I have done.

13          Thank you, your Honor.

14          THE COURT:  Does the government desire to say anything

15    before I pronounce sentence?

16          MS. BICKLEY:  We support probation's recommendation.

17    We find the defendant's conduct was egregious, and we support

18    a sentence of 60 months' imprisonment.

19          THE COURT:  Considering the seriousness of the offense

20    and to promote respect for the law and to deter such criminal

21    conduct, I will sentence as follows:

22          Pursuant to the Sentencing Reform Act of 1984, it is

23    the judgment of the Court that the defendant is committed to

24    the custody of the Bureau of Prisons to be imprisoned for a

25    term of 60 months.  The defendant shall pay a special

1   assessment of $100, payment to begin immediately.  No fine is

2   imposed; therefore, it is waived.

3          It is further ordered that the defendant shall pay

4   restitution in the amount of $17,845,024.55, payment to begin

5   immediately.  Restitution is to be sent to the clerk of the

6   court who shall forward it to the victims as described in the

7   victim impact statement.  If incarcerated, payment of

8   restitution is due during imprisonment at the rate of not

9   less than $25 per quarter, and payment shall be through the

10  Bureau of Prisons' Inmate Financial Responsibility Program.

11  Interest is waived.

12         Upon release from imprisonment, the defendant shall be

13  placed on supervised release for a term of 36 months.  Within

14  72 hours of release from the custody of the Bureau of

15  Prisons, the defendant shall report in person to the

16  probation office in the district to which he is released.

17         While on supervised release, the defendant shall not

18  commit another federal, state, or local crime, shall not

19  possess a firearm, ammunition, or a destructive device as

20  defined in federal law or any other dangerous weapon, and

21  shall not illegally possess controlled substances, and shall

22  cooperate in the collection of DNA as directed by the

23  probation officer, and shall comply with all conditions which

24  have been recommended by the United States Sentencing

25  Commission and which I adopt.

1          Further, the defendant shall refrain from any unlawful

2    use of a controlled substance and shall submit to one drug

3    test within 15 days of release on supervised release and at

4    least two periodic drug tests thereafter, not to exceed four

5    drug tests per month.

6          I adopt the special conditions recommended by

7    probation on pages 22 and 23 of the presentence report and

8    impose what is listed as special conditions.

9          How about the question of appeal?

10          MS. BICKLEY:  He's waived appeal.

11          MR. HAYDN-MYER:  Yes, your Honor.

12          THE COURT:  How about the question of self-surrender?

13          MR. HAYDN-MYER:  Your Honor, we're requesting

14    January 10, 2014, please.  And I have spoken with Ms. Bickley

15    about it.  I don't believe they're opposing.

16          MS. BICKLEY:  We're not opposing.

17          THE COURT:  Is there anything further to cover other

18    than that matter?

19          MR. HAYDN-MYER:  Just briefly, your Honor.  On page

20    24, there's a recommendation for Michigan.  We'd also like to

21    include Southern California, please.  Mr. Wolok has family in

22    both places.

23          THE COURT:  You said include Southern California?

24          MR. HAYDN-MYER:  Yes, your Honor.  Michigan and

25    Southern California.

1              THE COURT:  Michigan.  And if that recommendation

2     can't be accommodated, then Southern California.  Is that

3     what you're saying?

4              MR. HAYDN-MYER:  If we can have both, your Honor.  So

5     it would read:  Michigan or Southern California.

6              THE COURT:  Okay.  The government.

7              MS. BICKLEY:  That's fine.

8              THE COURT:  I recommend that the defendant be

9     incarcerated at a facility in Michigan or Southern

10    California, but only insofar as that recommendation accords

11    with the security classification and space availability of

12    the Bureau of Prisons.

13             MR. HAYDN-MYER:  And, finally, your Honor, the

14    paragraph right above it, we are also seeking that Bureau of

15    Prisons' Mental Health Treatment and Counseling Program.

16             THE COURT:  Government.

17             MS. BICKLEY:  That's fine.

18             THE COURT:  I recommend that the defendant be allowed

19    to participate in the Bureau of Prisons' Mental Health

20    Treatment and Counseling Program.  This recommendation is

21    made just as the other one was made.

22             MR. HAYDN-MYER:  Thank you, your Honor.

23             THE COURT:  Anything further?

24             MS. BICKLEY:  At this time the United States would

25    like to dismiss all other remaining counts against the

1    defendant Mr. Wolok.

2             THE COURT:  That motion is granted.

3             It is further ordered that the defendant Mr. Wolok

4    shall surrender himself to the United States Marshal for this

5    district or to the institution designated by the Bureau of

6    Prisons before 2:00 o'clock p.m. on January 10th, 2014.  The

7    United States Marshal's Office is located on the fifth floor

8    of this building.

9             If the defendant fails to surrender in accordance with

10   this sentence, it is a separate criminal offense punishable

11   by a consecutive term of imprisonment and fine.

12            All conditions of pretrial release shall remain in

13   effect until the defendant surrenders in accordance with this

14   order.

15            This matter's adjourned.

16            MS. BICKLEY:  Thank you, your Honor.

17            (Proceedings were concluded.)

18

19

20

21

22

23

24

25

1          I certify that the foregoing is a correct transcript

2      from the record of proceedings in the above-entitled matter.

3

4

5                          /s/ Kelly O'Halloran

6                      KELLY O'HALLORAN, CSR #6660

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25